UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS MURGANTI,

               Plaintiff,

               v.

NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM, JOHN and JANE DOES 1-10, XYZ
CORP. 1-10, and THE STATE OF NEW YORK,

               Defendants.
------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 18 2017 ★
BROOKLYN OFFICE

**DECISION & ORDER**
16-CV-3833 (WFK) (SJB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Carlos Murganti ("Plaintiff") alleges the New York City Employees' Retirement System ("NYCERS") and the State of New York (the "State") (together, "Defendants") discriminated and retaliated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See generally* Second Am. Compl. ("SAC"), ECF No. 22. Defendants separately moved to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* NYCERS Mem. Supp. Mot. Dismiss ("NYCERS MTD"), ECF No. 25; State Mem. Supp. Mot. Dismiss ("NYS MTD"), ECF No. 28; *see also* Pl.'s Opp'n to NYCERS MTD, ECF No. 29; Pl.'s Opp'n to NYS MTD, ECF No. 31; NYCERS Reply, ECF No. 33; NYS Reply, ECF No. 34. For the reasons set forth below, Defendants' motions are GRANTED.

## BACKGROUND[1]

Plaintiff, who is now retired and in his seventies, dedicated over thirty years to the public

---

[1] For the purposes of resolving the motion to dismiss, the Court assumes all well-pleaded facts in the Complaint to be true, drawing all reasonable inferences in favor of Plaintiff. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although the Court generally may not consider materials outside of the pleadings in determining a motion to dismiss, *see id.* at 154 (explaining that, under Federal Rule of Civil Procedure 12(d), a court must generally either exclude materials extrinsic to the pleadings or convert the motion to one for summary judgment), it may consider a document "not incorporated by reference . . . where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint" without converting the motion into one for summary judgment, *id.* at 153 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)); *see also, e.g., Pearson Capital Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 402 (S.D.N.Y. 2015) (Marrero, J.) (determining the court could rely on an insurance policy "relied upon by Plaintiffs in drafting the Complaint and heavily referenced therein" and that had been attached as an exhibit to the motion to dismiss without converting the motion to one for summary judgment). As Plaintiff's pension plan is "integral" to the SAC and, indeed, Plaintiff relies heavily on its terms and effects, the Court will consider the documents confirming Plaintiff's application to NYCERS and his placement in the 57/5 plan on September 18, 2002, which he received further confirmation of (after some confusion, detailed briefly *infra*) on December 11, 2007. *See* Stitelman Decl. Exs. B–C, F, ECF Nos. 24-2 to -3, -6. The Court also considers the Equal Employment Opportunity Commission letter Plaintiff attached to his SAC. *See* SAC Ex. A. Insofar as the aforementioned confusion is

1

sector, working for various agencies of the City of New York. *See generally* SAC ¶¶ 18–28 (describing Plaintiff's work history). The instant litigation arises out of the pension program into which he was placed after he applied, in 2002, to join the civil servants' pension program. *See id.* ¶ 34; *see also* Stitelman Decl. Ex. B. Plaintiff was subsequently mandated into the 57/5 plan, which, pursuant to its governing statute—the New York Retirement and Social Security Law ("RSSL")—requires members to make a regular contribution rate of 3% of their gross wages, and further requires an additional 1.85% for those who, regardless of their age, have been members for ten years or who have ten years of credited service. RSSL § 604-d(f)(1). Plaintiff "made numerous complaints about being placed into the [57/5] Retirement Program . . . to no avail." SAC ¶ 41. His primary concern with his assigned pension plan was the contribution rate, which he labeled an "unfair, capricious, and arbitrary and a self-serving practice[]" that "ha[d] older workers subsidize retirement benefits for younger works." *Id.* ¶ 48 (first alteration in original).

Eventually, on December 21, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 9; *see also* SAC Ex. A. Thereafter, Plaintiff filed his Complaint in this Court on July 11, 2016, ECF No. 1, and submitted an Amended Complaint on December 23, 2016, ECF No. 11, and a Second Amended Complaint on March 31, 2017, ECF No. 22. The SAC sets forth six claims for relief: (1) age discrimination in violation of the ADEA, SAC ¶¶ 63–68; (2) age discrimination in violation of the NYSHRL; (3) age discrimination in violation of the NYCHRL, *id.* ¶¶ 75–80; (4) unlawful retaliation in violation of the ADEA, *id.* ¶¶ 81–88; (5) unlawful retaliation in violation of the NYSHRL, *id.* ¶¶

---

concerned, Defendants admit that, after Plaintiff left City service in 2004, NYCERS placed him in the wrong pension plan group upon his return, but they switched him back to the appropriate plan effective in 2008. NYCERS MTD at 4. This error is not relevant to the instant motion.

89–96; and (6) unlawful retaliation in violation of the NYCHRL, *id.* ¶¶ 97–104.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). At the motion to dismiss stage, a Title VII plaintiff's burden is "minimal," as "discrimination claims implicate an employer's usually unstated intent and state of mind" and "plaintiffs usually must rely on 'bits and pieces' of information to support an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (citations omitted). Therefore, a complaint "need only allege facts that 'give plausible support to a minimal inference of discriminatory motivation.'" *Lekettey v. City of New York*, 637 F. App'x 659, 661 (2d Cir. 2016) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

## ANALYSIS

Although NYCERS and the State filed two separate motions, both argue, *inter alia*, that all of Plaintiff's claims are time barred. The Court agrees.

### I. Plaintiff's ADEA Claims

The ADEA contains an administrative exhaustion requirement that requires a claimant who lives in a state that, like New York, has local anti-discrimination enforcement to file a

3

charge of discrimination and/or retaliation with the enforcing agency within 300 days of the allegedly unlawful employment practice. *See* 29 U.S.C. §§ 626(d)(2), 633(b); *see also Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir. 1985) (explaining that, "[u]nder the ADEA a victim of age discrimination in New York must file his charge with the EEOC within 300 days after the discriminatory action" and "[n]o action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC"). If the enforcing agency decides not to take action on an ADEA claimant's complaint, the claimant may thereafter choose to bring a suit on his claims in federal court. *See* 29 U.S.C. §§ 626(c), (e). Only events that occurred within the 300-day period prior to the agency complaint are actionable under the ADEA. *See Miller*, 755 F.2d at 23. This 300-day limitations period is strictly construed and applied and, as a general rule, it begins to run "upon the employer's commission of the discriminatory act and are not tolled or delayed pending the employee's realization that the conduct was discriminatory." *Miller*, 755 F.2d at 74.

Here, the parties agree that Plaintiff was most recently placed into the 57/5 plan on December 11, 2007, and that Plaintiff filed his charge of discrimination with the EEOC over nine years later, on December 21, 2016. Plaintiff contends that his claims are nevertheless timely because the limitations period was tolled pursuant to the continuing violation doctrine. "Under continuing violation doctrine, where the defendant has 'engaged in a continuous policy of discrimination, acts in furtherance of that policy are not viewed in isolation.'" *Dukes v. Steinman, Boynton, Gronquist & Birdsall*, 93-CV-7044, 1994 WL 406090, at *2 (S.D.N.Y. July 29, 1994) (Owen, J.) (quoting *Assoc. Against Discrimination v. City of Bridgeport*, 647 F.2d 256, 274 (1981)). Because the alleged act of discrimination on which this suit is based occurred in

2007,[2] when Plaintiff was mandated to the 57/5 plan, and because the continuing violation doctrine does not apply to "discrete incidents" of discrimination, it is clear to the Court that Plaintiff's ADEA claims are time-barred. *Choi v. Chem. Bank*, 939 F. Supp. 304, 311 (S.D.N.Y. 1996) (Batts, J.).

Plaintiff argues he was not the victim of an isolated act of discrimination but was instead subject to a continuing policy and cites a case that was subsequently vacated and remanded for the proposition that "claims of discrimination stemming from an illegal employment policy are not stale as long as that policy in effect." *Pollis v. New Sch. for Soc. Research*, 913 F. Supp. 771, 787 (S.D.N.Y. Dec. 28, 1996) (Haight, J.), *vacated*, 132 F.3d 115 (2d Cir. 1997).[3] That simply is not how the doctrine works. To the contrary, the law of this Circuit is plain that, to prevail on a claim such as Plaintiff's, he must "show that he was aggrieved by a currently discriminatory policy or pattern and that the policy or pattern was applied to him within the statutory filing period" and "the mere continuation of a discriminatory act's effects, however painful those effects may be, is not sufficient to rescue a stale claim concerning a violation that occurred prior to the limitations period." *Shelford v. N.Y.S. Teachers Retirement Sys.*, 889 F. Supp. 81, 85 (E.D.N.Y. 1993) (Platt, J.); *cf. Lightfoot v. Union Carbid Corp.*, 110 F.3d 898, 907–08 (2d Cir.

---

[2] The Court here adopts the interpretation most generous to Plaintiff, although it could reasonably have determined the limitations period began to run in 2002, when Plaintiff applied to NYCERS and was assigned to the 57/5 plan, or as early as 1995, when the RSSL was amended to instruct that people similarly situated to Plaintiff be mandated to the 57/5 plan.

[3] Plaintiff also cites to *Egleston v. State Univ. Coll. at Geneseo*, 535 F.2d 752 (2d Cir. 1976), and *EEOC v. Home Ins. Co.*, 553 F. Supp. 704 (S.D.N.Y. 1982) (Sand, J.), but both of these cases are readily distinguishable from the instant case and do nothing to further Plaintiff's argument. In *Egleston*, the Second Circuit found that the plaintiff had, in fact, timely alleged acts of discrimination because she had filed a complaint with the Office of Federal Contract Compliance within the relevant limitations period and the EEOC has explained that a plaintiff may file with the OFCC rather than the EEOC (and need not file with both). 535 F.2d at 755. *Home Insurance* involved a plaintiff who was forced to retire pursuant to the defendant's facially discriminatory mandatory retirement provision. 553 F. Supp. at 712–13. Similar to *Egleston*, the Second Circuit found that the plaintiff had timely filed based on its finding that the discriminatory act occurred when the plaintiff was forced to retire, and not when the defendant adopted the discriminatory policy. *Id.*; *see also O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 821 (2d Cir. 1985) (discussing *Egleston*).

1997) (finding continuing violation doctrine does not apply where plaintiff "continued to feel the effects of" a lower payscale after he was demoted for discriminatory reasons, but demotion itself was outside limitations period). Plaintiff cannot so show. Therefore, Defendants' motions to dismiss Plaintiff's ADEA claims as time-barred are GRANTED.

## II. Plaintiff's NYCHRL and NYSHRL Claims

Claims raised under the NYCHRL and NYSHRL are subject to a three-year statute of limitations. N.Y. CPLR § 214(2); N.Y.C. Admin. Code § 8–502(d). Accordingly, in light of the above analysis, Defendants' motions to dismiss Plaintiff's NYCHRL and NYSHRL claims as time-barred are GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 23, 26, and 38, and to close the case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2017
      Brooklyn, New York

6